UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TED MUELLER, JR.,<br><br>        Petitioner,<br><br>    v.<br><br>DUSHAN ZATECKY,<br><br>        Respondent. | )<br>)<br>)<br>)<br>)    No. 1:16-cv-02180-JMS-DML<br>)<br>)<br>)<br>)<br>) |

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of Ted Mueller for a writ of habeas corpus challenges a prison disciplinary proceeding, ISR 16-04-0060, in which he was found guilty of battery with a weapon or serious injury. For the reasons explained in this entry, Mr. Mueller's habeas petition must be **denied.**

**I. Overview**

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On April 15, 2016, Investigator D. Wilson issued a Report of Conduct charging Mr. Mueller with battery with weapon or serious injury in violation of Code A-102. Dkt. 7-1. The Report of Conduct states:

> On 03/02/2016 at approximately 10:52 AM Offender Ted Mueller #167009 assaulted Offender Cory Gray #945363 with a weapon in JCH while returning from chow. First responders arrived and secured the [sic] both offenders as well as the weapon. Offender Gray required outside medical treatment.
>
> An investigation was initiated to determine who was responsible for the assault and why. Offender Mueller was found to have committed the assault. See confidential case file 16-ISR-0016.

*Id.*

An Incident Report Form was completed by Lieutenant M. Caylor that states:

> On 03/02/2016 a 10-10 was called in JCH at 10:52 A.M. Offender Mueller, Ted 167009 was in a[n] altercation with Offender Gray, Cory #945363 on the 1F range. Both offenders were sprayed with OC and cuffed. Offender Mueller had stabbed Offender Gray, Cory near the right temple and there was laceration to both shoulders and right side of his chest. Offender Cory [was] taken to the Emergency Room to be assessed by medical staff. Ambulance was called and he was sent to SVA. Offender Mueller was brought to a dry cell and strip searched at this time offender Mueller admitted to stabbing Offender Gray. The weapon was recovered by the First Responders and turned over to IA. A second 10-10 was called at 10:58 A.M. Offender Pruitt, Michael Doc #257081 was apprehended second offender involved has not been found at this time waiting for IA to review the cameras to identify the second offender that was involved.

Dkt. 7-5.

Mr. Mueller was notified of the charge on April 21, 2016, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). Dkt. 7-4. The

Screening Officer noted that Mr. Mueller did not request any witnesses or any physical evidence. *Id.*

The Hearing Officer conducted a disciplinary hearing on May 11, 2016, at which time Mr. Mueller submitted a lengthy statement. Dkt. 7-12, p. 1. In the statement, Mr. Mueller challenged the proceeding on the basis that he had previously been found not guilty of battery in ISR 16-03-0037 for the same incident. Dkt. 7-12, p. 2. The Hearing Officer nonetheless found Mr. Mueller guilty of battery in violation of Code A-102. Dkt. 7-12, p. 1. The recommended and approved sanctions included a written reprimand, 6 months of disciplinary segregation, 180 days of lost credit time, and the imposition of a suspended sanction in ISR 15-12-0001. *Id.* The Hearing Officer imposed the sanctions because of the degree to which the violation disrupted or endangered the security of the facility. *Id.*

Mr. Mueller's appeals were denied. This habeas action followed.

### III. Analysis

Mr. Mueller argues that his due process rights were violated during the disciplinary proceeding. His claims are that: 1) this proceeding is barred by double jeopardy principles; and 2) he was denied evidence.

Mr. Mueller's first claim is disposed of by binding case law. The Seventh Circuit has long held that "disciplinary proceedings do not implicate double jeopardy concerns." *United States v. Morales,* 312 Fed.Appx. 823, 824 (7th Cir. Feb. 20, 2009) (inmate could be disciplined by prison and prosecuted by the government for same conduct); *Meeks v. McBride,* 81 F.3d 717, 722 (7th Cir. 1996) ("an acquittal in an earlier prison disciplinary hearing is no bar to a subsequent hearing to consider the very same charge."). "If an acquittal in an earlier hearing were to preclude a subsequenst hearing on the same charge, the overriding interest of prison

administrators to act swiftly to maintain institutional order could be compromised in the interest of developing the evidence needed to obtain a conviction." *Id. See also Portee v. Vannatta,* 105 Fed.Appx. 855, 858 (7th Cir. 2004) ("double jeopardy protections do not attach in prison disciplinary proceedings."). The double jeopardy claim is denied as meritless.

Mr. Mueller's second claim is that he was denied a copy of the hearing report for the earlier disciplinary case in which he was found not guilty, No. ISR 16-03-0037. The screening report does not reflect that Mr. Mueller requested this report, but even if he had and it was denied, there is no due process violation. The respondent does not dispute that Mr. Mueller was found not guilty in the prior case. As determined above, however, double jeopardy does not bar the second charge, so the hearing report for the first case is irrelevant. Mr. Mueller cannot show that he was prejudiced by a denial of evidence. Lacking any showing of prejudice, this claim does not warrant relief. *Jones,* 637 F.3d at 847 (due process violations are harmless if no prejudice is suffered). The denial of irrelevant evidence during a disciplinary proceeding does not violate due process.

Mr. Mueller also alleges that he was denied access to the confidential Internal Affairs file containing evidence against him. Due process requires prison officials to "disclose all material exculpatory evidence" unless it "would unduly threaten institutional concerns." *Id.* (internal quotation omitted). The Court has reviewed *in camera* the confidential Internal Affairs report. Some parts of the confidential report have been disclosed to Mr. Mueller through the Report of Conduct and the Report of Investigation. The Court finds no exculpatory evidence that was not shared with Mr. Mueller. Accordingly, there was no due process error in not allowing Mr. Mueller access to the complete Internal Affairs file. Moreover, the Court finds that disclosure of the material would unduly threaten institutional concerns.

Mr. Mueller was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Mueller's due process rights.

## IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Mueller's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 8/15/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

TED MUELLER, JR.
167009
Indiana State Prison
Inmate Mail/Parcels
One Park Row
Michigan City, IN 46260